IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


CURTIS D. REDING,

    Plaintiff,

v.                        CASE NO. 5:15cv290-RH/GRJ

ARBY'S,

    Defendant.

_____/


**ORDER VOLUNTARILY DISMISSING
THE CASE AND AWARDING FEES**


      This is an employment-discrimination case. The employee, acting through her bankruptcy trustee, filed the case in state court, asserting claims under both federal and state law. The employer removed the case to this court. Now, after six months of litigation and with trial a little over a month away, the employee has moved to voluntarily dismiss this federal case without prejudice so that she can pursue instead a new case in state court asserting only claims arising under state law. The claims in the new state-court action include an assertion the employee inexplicably failed to preserve in this court: the claim that the employer's

discriminatory acts resulted in the employee's constructive discharge. The defendant opposes the motion to voluntarily dismiss. This order dismisses the case and assesses against the employee a portion of the attorney's fees incurred by the employer in this court.

I

The plaintiff Curtis D. Reding is the bankruptcy trustee for Salandra Taylor, a former employee of the defendant Arby's Store #7767. This order usually refers to the plaintiff as Ms. Taylor and to the defendant as Arby's.

In response to earlier orders requiring Ms. Taylor to list alleged adverse employment actions, Ms. Taylor did not list constructive discharge. Discovery now has ended. It is too late for Ms. Taylor to add a constructive-discharge claim. Trial is set for June 20, 2016, just over a month from now.

Ms. Taylor has moved to voluntarily dismiss without prejudice. She says no conditions should be imposed. But Ms. Taylor also says she still wishes to have the case dismissed, even if she is required, as a condition of dismissal, to pay all or part of the costs and attorney's fees incurred by Arby's in defense of this action. *See* ECF No. 25.

II

In *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986), the district court granted the plaintiff's motion for voluntary dismissal without prejudice, attaching no conditions, even though the case had been pending for more than a year and the defendant asserted it would suffer a tactical disadvantage if the plaintiff was allowed to dismiss and start over.  The court did not explain its decision not to condition dismissal on the plaintiff's payment of all or part of the defendant's expenses.  The Eleventh Circuit upheld the dismissal but vacated the district court's order and remanded for an explanation of the decision to award no expenses.  The Eleventh Circuit's analysis is fully applicable here.

First, the Eleventh Circuit noted that "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* at 856.  But the court continued: "in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* at 856-57 (emphasis in original).  The court said "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* at 857 (citing *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir.1967).

On whether any dismissal should be conditioned on the award of expenses, the Eleventh Circuit said:

> A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. . . . Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. . . . Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit.

*McCants*, 781 F.2d at 860 (collecting authorities).

In *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001), the district court granted the plaintiff's motion to voluntarily dismiss without prejudice even though a defense summary-judgment motion was pending and dismissal would deprive the defendant of a favorable procedural ruling.  But the district court imposed a condition: the plaintiff would be required to pay the defendant's costs if the plaintiff refiled the action.  *See id.*, 252 F.3d at 1256 & n.2.  Citing *McCants* and other authorities, the Eleventh Circuit affirmed, upholding both the dismissal and the award of costs.

As these cases recognize, the prospect of having to defend another action, even on precisely the same claim, is not, without more, "clear legal prejudice."

This is so even when a summary-judgment motion is pending or, as here, imminent.  And this is so even when, as here, the defendant has obtained a tactical advantage—here the exclusion of the constructive-discharge claim—that will not be available in a new action.

As these cases also recognize, a district court has discretion to award costs, including attorney's fees.  The court ordinarily should do so, at least to the extent of fees incurred for work that will not be useful in the defense of a new case.

### III

Arby's has incurred fees for at least some work that will not be useful in defense of Ms. Taylor's new case.  One example: fees incurred to attend Ms. Taylor's deposition the first time it was scheduled.  Ms. Taylor was a no-show.  And the filing of the new case will involve at least some duplication.  An example: Ms. Taylor appeared for her rescheduled deposition, but in the new case she will almost surely be deposed again, because now she asserts she was constructively discharged.  Further, under *McCants* and *Pontenberg*, a fee award need not be limited to amounts that will not be useful in defense of a new action.

As a matter of discretion, this order conditions dismissal on payment of all the taxable costs and a portion of the attorney's fees Arby's has incurred to defend

this case. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

IV

For these reasons,

IT IS ORDERED:

1. The motion to voluntarily dismiss without prejudice, ECF No. 16, is granted in part. All claims in this action are dismissed without prejudice.

2. The clerk must tax costs against the plaintiff under 28 U.S.C. § 1920 upon timely filing of a bill of costs.

3. The plaintiff must pay the defendant $7,500 as attorney's fees. Any challenge to the *amount* of this award will be waived unless the plaintiff files by May 26, 2016, a request for a hearing on the amount of the award. The plaintiff need not request a hearing to preserve its position that fees should not have been assessed against the plaintiff at all. Fees incurred in connection with any hearing on the amount of the award may be taxed as appropriate.

4. The clerk must enter a judgment of dismissal with appropriate conditions on or after May 27, 2016.

SO ORDERED on May 8, 2016.

                                            s/Robert L. Hinkle
                                            United States District Judge

Case No. 5:15cv290-RH/GRJ